IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| PHILLIP NOE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-01140-JDB-jay |
| ) | |
| CHANCE LEEDS, ) | |
| ) | |
| Respondent. ) | |

ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING § 2241 PETITION WITHOUT PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

On September 24, 2021, the Petitioner, Phillip Noe, a Tennessee state prisoner, filed a one-page habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2241.[1] (Docket Entry ("D.E.") 1.) By order dated March 15, 2022, the Court found that the pleading failed to provide necessary information. (D.E. 6.) Petitioner was therefore directed to file an amended petition on this district's official § 2241 within twenty-eight days of entry of the order. He was advised that failure to comply with the order in a timely manner would, without further notice, result in dismissal of this action without prejudice. *See* Fed. R. Civ. P. 41(b). The inmate has not filed an amended petition and the time for doing so has passed. The Petition is therefore DISMISSED without prejudice for Noe's failure to comply with the Court's order.

---

[1] The Clerk is DIRECTED to modify the docket to reflect Chance Leeds as Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d).

APPEAL ISSUES

"[A] state prisoner incarcerated pursuant to a state conviction who seeks habeas relief under § 2241 must obtain a [certificate of appealability ("COA")] before appealing" the district court's decision. *Greene v. Tenn. Dept. of Corr.*, 265 F.3d 369, 370 (6th Cir. 2001). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[2]

IT IS SO ORDERED this 25th day of April 2022.

                                               s/ J. DANIEL BREEN
                                               UNITED STATES DISTRICT JUDGE

---

[2]If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.